AUSA Stephanie Hays (313) 226-0836
Special Agent Ryan Holmes (313) 226-6400

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
TERESA PULLIAM

Case: 2:11-mj-30603
Judge: Unassigned,
Filed: 11-16-2011 At 10:57 AM
RE: TERESA PULLIAM (jmc)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 14, 2011__ in the county of __Oakland__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1029(a)(2) | Access Device Fraud - namely, that Defendant knowingly, and with the intent to defraud, trafficked in credit and/or debit card account information in a one-year period and obtained value worth over $1,000 in that period. |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Ryan Holmes, Special Agent, U.S. Secret Service
Printed name and title

Sworn to before me and signed in my presence.

Date: 11/16/11

City and state: Detroit, Michigan

_____
Judge's signature

Hon. R. Steven Whalen, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT

I, Ryan Holmes, being duly sworn, hereby depose and say:

1.   Affiant is a Special Agent with the United States Secret Service in Detroit, Michigan, and has a total of 11 years in law enforcement. Your Affiant has participated in numerous investigations involving counterfeiting, bank fraud, mail fraud, wire fraud, identity theft, and access device fraud.

2.   That information contained in this affidavit is based on Affiant's training, experience, and participation in financial crime investigations, as well as from personal observations during the course of this investigation. Information was also provided by law enforcement officers and others who have personal knowledge of the events and circumstances described herein.

3.   Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that TERESA PULLIAM, did knowingly, and with intent to defraud, commit Access Device fraud in violation of Title 18, United States Code, 1029.

### DETAILS OF INVESTIGATION

4.   On November 14, 2011, I was contacted by a McDonald's restaurant manager who operates a branch in Oak Park, MI, about an employee that had been seen on video surveillance

1

using a hand-held skimming device.

5. The manager stated that this employee, TERESA PULLIAM, DOB: XX/XX/91, had been seen on video surveillance 4-5 times in the past few weeks using a hand-held skimming device in what appears to be an attempt to steal credit and/or debit card account information from customers who were purchasing food using the drive-thru window.

6. The manager stated that PULLIAM was currently working at the restaurant, and again was seen on video surveillance using a hand-held skimming device while handling customers' credit and/or debit cards.

7. I, along with Trooper Osborne, Michigan State Police, responded to the McDonald's and viewed video surveillance of TERESA PULLIAM. PULLIAM is observed holding a small rectangular device in her left hand, then swiping a customer's credit and/or debit card through the device with her right hand. PULLIAM does this just out of view of the customer.

8. PULLIAM was confronted by myself, and Trooper Osborne, and escorted to an interview room in the back of the McDonald's. A rectangular hand-held skimming device was found on a shelf underneath the cash register that PULLIAM was operating in the drive-thru window.

9. PULLIAM was read her *Miranda* Rights, and signed a form indicating she understood her rights.

10. PULLIAM then admitted to stealing more than 100 customer credit and/or debit card accounts using the hand-held skimming device that was found near the cash register. PULLIAM said she would steal approximately 15-20 accounts each time she worked the drive-thru cash register for the past month.

11. PULLIAM stated she was given the skimming device by an unknown subject who offered to pay her $15 per credit and/or debit card account that she loaded onto the skimming device.

12. PULLIAM stated she was paid more than $1000 cash for providing the stolen credit and/or debit card accounts to this unknown subject who she would contact by phone and deliver the skimming device to.

13. On November 15, 2011, I completed a forensic exam of the hand held skimming device pursuant to a signed consent search authorization from TERESA PULLIAM. The skimming device had fifteen (15) credit and/or debit card accounts stored in memory.

## CONCLUSION

14. Based on the above-described information, I believe that probable cause exists that TERESA PULLIAM committed Access Device Fraud in violation of Title 18, United States Code, 1029. Specifically, I believe that probable cause exists that TERESA PULLIAM knowingly, and with intent to defraud, trafficked in unauthorized access devices (i.e., credit and/or debit card information) during a one-year period and, by such conduct, obtained over $1,000 during that period, in violation of Title 18, United States Code, 1029(a)(2).

Ryan Holmes
Special Agent, U.S. Secret Service

Subscribed and sworn before me this 16th day of November, 2011

HON. R. STEVEN WHALEN
United States Magistrate Judge

4